UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NAPOLEON CHERRY,

          Plaintiff,

    -against-

HILLSIDE MANOR REHABILITATION AND
EXTENDED; DR. SARFRAZ AW; MARY
IMMACULATE HOSPITAL,

          Defendant.
------------------------------------------------------------x



**MEMORANDUM AND ORDER**
06-CV-3296 (NG)

GERSHON, United States District Judge.

    Plaintiff, proceeding *pro se,* brings this action for medical malpractice. Plaintiff has paid the filing fee to bring this action. For the reasons stated below, plaintiff is granted thirty (30) days leave to amend the complaint.

## DISCUSSION

    Plaintiff's complaint in its entirety states: "Disregarded me because of race in handling Mr. Garners Health Care Proxy" and "Medical Malpractice of Benjamin Garners Death" Complaint at 1, §§ II-III. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare

1

for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

## **LEAVE TO AMEND**

Here, plaintiff's submission falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). Furthermore, in order to bring a lawsuit in federal court plaintiff must establish that the Court has subject matter jurisdiction over this action. See Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342 (E.D.N.Y. 2002) (*pro se* status does not exempt party from compliance with relevant rules of procedural and substantive law); see, e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

To the extent that plaintiff seeks to assert diversity jurisdiction he must establish that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.[1] See 28 U.S.C. § 1332 (a); Hall v. EarthLink Network, Inc., 396 F.3d 500, 507 n. 5 (2d Cir. 2005) ("In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction.").

---

[1] Plaintiff's complaint alleges that he resides in Philadelphia, Pennsylvania.

2

Here, plaintiff alleges 1,000,000.00 dollars in damages yet fails to allege how he arrived at that amount. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. The Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 396 (2d Cir. 2003); Chase Manhattan Bank, N.A., v. American Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064 (2d Cir. 1996); Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994).

Moreover, a claim for negligence or medical malpractice is a state law claim and is neither created by federal law nor depends on the resolutions of a substantial question of federal law. See Sha v. Memorial Sloan-Kettering Cancer Center, No. 99 Civ. 3233, 2000 WL 1760883, at *1 (S.D.N.Y. Nov. 20, 2000) (state law governs claims of medical malpractice). Accordingly, this Court would not have jurisdiction over a medical malpractice claim unless diversity jurisdiction is established.

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against defendants, and the relief he is seeking with respect thereto. He must also state, in a plain and concise manner, the specific facts that give rise to the claim, and his relationship to Mr. Garner. Finally, plaintiff must specify the basis for this Court's jurisdiction.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further

proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ NINA GERSHON
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
Sept. 14, 2006